LANDRUM, PLAINTIFF-APPELLEE, *v.* WEISS ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26342.   Decided May 23, 1963.

*Mr. John G. Pegg* and *Mr. John H. Bustamante*, for plaintiff-appellee.

*Mr. James A. Chiara*, for defendants-appellants.

*Per Curiam.* This appeal is on questions of law from a judgment entered on a verdict in favor of plaintiff in the Court of Common Pleas of Cuyahoga County.

Plaintiff was employed by defendants for a period of one week, commencing November 30, 1958, to serve as a companion-nurse for the elderly father of defendant, Jerome Weiss, during the night season, at defendants' home, where the parent lived, while defendants went on a trip to New York. There was a day nurse permanently employed there for the same purpose.

A very heavy snowfall occurred immediately preceding and at the outset of this period of employment, and resulted in an accumulation of snow and ice on the premises outside of defendants' residence.

While plaintiff was leaving the home of defendants at ap-

proximately 9:00 A. M. on the morning of December 3, 1958, and was walking toward the street walk, she slipped and fell on the accumulated ice and snow and suffered a fractured ankle. Defendants and plaintiff, all were fully aware of the conditions existing with regard to the accumulated ice and snow on defendants' premises.

Defendant, Jerome Weiss, was a salesman of plumbing supplies, and maintained his residence at 3351 Warrensville Center Road, where he lived with his wife, three children and his ailing father. His business of selling plumbing supplies was not conducted from his residence. Nor was any other business conducted from his residence, as a careful reading of the record demonstrates.

At the trial the court overruled defendants' motion for directed verdict at the conclusion of plaintiff's evidence, and after both sides had rested.

Defendants assign seven grounds of error on this appeal and we will consider the first assignment, in part, namely that:

"1. The Trial Court erred in charging that Sections 4113.03, 4113.04, 4113.05, 4113.06 and 4113.07, Revised Code, was the law in the case in that:

"A) There was no business being conducted at the household of the defendants. * * *."

Sections 4113.03, et seq., Revised Code, are in the Chapter covering "Miscellaneous Labor Provisions" which Chapter is a part of Title 41, "Labor and Industry."

Section 4101.01, Revised Code, defines a place of employment as:

"* * ** Every place whether indoors or out, or underground and the premises appurtenant thereto, *where* either temporarily or permanently *any* industry, trade or *business is carried on, or where any process, or operation, directly or indirectly related to any* industry, trade, *or business, is carried on*, and where any person is directly or indirectly employed by another for direct or indirect gain or profit, *but does not include any place where*

*persons are employed in private domestic service* or agricultural pursuits which do not involve the use of mechanical power.'' (Emphasis added.)

This section under Title 41 must be read and considered in pari materia with Sections 4113.03 to 4113.07, Revised Code, upon which the trial court charged. This section specifically excludes ''* * * any place where persons are employed in private domestic service * * *.'' Sections 4113.03, 4113.04, 4113.05 and 4113.06, all provide that liability can be predicated on any defect or unsafe condition ''in any way connected with or in any way used in the *business* of the employer.'' (Emphasis added.)

Business may be defined as an enterprise, activity, profession or undertaking of any nature conducted for profit. The use of the word business, in its ordinary sense, does not comprehend the maintaining of a home for one's family.

It is our holding that the use of the word ''business'' in the above sections, does not include, as a business in itself, the maintaining of a home for one's wife and other members of the family.

Clearly, it was prejudicially erroneous for the trial court to charge the jury on the above sections of Title 41 of the Revised Code. The alleged negligence of defendants, being predicated on alleged statutory responsibility of defendants under such sections of Title 41, was misconceived.

The second assignment of error relates to the court's charge on comparative negligence which was given under favor of Section 4113.07, Revised Code, and we find said section inapplicable here for the reasons stated above.

As to the third assignment of error, it is apparent that the trial court refused to give certain special written instructions before argument because the court was submitting the question of negligence of the defendants to the jury under favor of the sections of the Revised Code in Title 41 in the Chapter covering ''Miscellaneous Labor Provisions.'' We have commented on this above under the first assignment of error.

Assignment of error number four likewise has been covered by our ruling in connection with the first assignment of error. Also, the fifth assignment of error has been disposed of by our ruling on number one.

The sixth claim of error refers to the failure of the trial court to direct a verdict for defendants on the pleadings and on the opening statement, at the close of plaintiff's evidence, and at the close of all the evidence. We find that the latter motion should certainly have been granted, and that, as charged in the last assignment of error, the verdict and judgment was against the manifest weight of the evidence and contrary to law.

Accordingly, for the reasons stated, the judgment of the Court of Common Pleas is reversed and final judgment entered for defendants.

KOVACHY, P. J., ARTL and CORRIGAN, JJ., concur.